In the Matter of **BARRY YAO COMPA-NY**, a copartnership, and Barry Yao, an individual, Bankrupts.

**Francis F. QUITTNER** et al., Appellants,

v.

**Bertram S. HARRIS**, Appellee.

No. 16701.

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1961.

———◆———

Joseph A. Ball, Long Beach, Cal., Milford S. Zimmerman, Zimmerman, Kelly & Thody. J. E. Simpson, Francis F. Quittner and Quittner & Stutman, Los Angeles, Cal., for appellants.

Bertram S. Harris, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

HAMLIN, Circuit Judge.

In a bankruptcy proceeding in the Southern District of California, Francis F. Quittner, Quittner & Stutman, Milford S. Zimmerman, and Zimmerman, Kelly & Thody, hereinafter called the appellants, were appointed as special counsel for the receiver to represent him in contesting the will of Lottie Barry in a proceeding then pending in the Superior Court of Los Angeles County.[1] Prior to the appointment by the referee the appellants were informed that their compensation would be contingent upon recovery. Approximately six months later the will contest was settled, and the sum of $15,000 was paid into the bankrupt estate therefrom. The appellants filed a petition in the bankruptcy proceeding asking for the allowance of attorneys' fees on a contingent basis of 33⅓% of the amount recovered.[2] In the same bankruptcy proceeding Bertram S. Harris, attorney for certain petitioning creditors therein, filed a petition asking that he be allowed $3000 attorney's fees and an additional $5000 for extraordinary services alleged to have been performed by him for the benefit of the estate. The referee, after a hearing, allowed to appellants approximately 25% of the amount recovered, to-wit, $3,767, and allowed Mr. Harris and his associate the sum of $1,250 as fees for representing the petitioning creditors and intervenors.[3] The order providing for attor-

---

1. It was recognized that if the will contest should be successful substantial funds would be added to the bankrupt estate.

2. No objections were filed before the referee to appellants' petition for attorneys' fees.

3. The referee allowed Mr. Harris compensation only for his services as attorney for the petitioning creditors. In so ruling, his order contained the following language:

"Mr. Harris petitioned for the allowance to him of $3,000.00 for services as attorney for petitioning creditors and $5,000.00 for extraordinary services rendered for the benefit of the estate. On two separate occasions the receiver-trustee petitioned the court for leave to employ Mr. Harris as attorney for the estate. Both petitions were denied for the reason that Mr. Harris represented parties who asserted interests adverse to the estate. If the receiver-trustee solicited

neys' fees to appellants and to Harris was dated November 21, 1957. On November 29, Harris filed a petition for the review of this order. He asserted that he had performed substantial services for the bankrupt estate, that he had been largely instrumental in obtaining a settlement of the will contest, and that he should have had a greater allowance for attorney's fees. He ended his petition for review as follows:

"Wherefore, your Petitioner prays for a review of the said Order of November 21, 1957, by a Judge of the United States District Court, and that said Order be reversed as to the Attorney's Fees in the sum of $900.00 allowed to Bertram S. Harris, and to Quittner & Stutman and Zimmerman, Kelly & Thody as Special Counsel; that no fees whatever be awarded to them for the reason that all services rendered by them were solely for the benefit of Bill Barry, a Bankrupt herein, and not for the Creditors, inasmuch as they represented adverse interests;[4] that if any fee should be awarded to them, a fee of $400.00 would be reasonable for the very little work done by them; and, that an Order be entered herein rendering the fees sought by your Petitioner in his original Petition filed on or about the 10th day of May, 1957."

When the matter came before the district court on April 15, 1958, the record shows that the following proceedings occurred:

"The Clerk: The matter of Barry Yao, 624–10.

"Mr. Quittner: Ready.

"Mr. Zimmerman: Ready, your Honor.

"Mr. Harris: Ready, your Honor.

"Mr. Zimmerman: Your Honor suggested yesterday that he wanted testimony in this proceeding, and I think in the interest of clarifying a few situations to your Honor—I don't think there is any objection from either counsel—it might be better to have a brief statement even though out of order because it is not the Petitioner on the probate matters which gives rise to the bankruptcy situation, so I would respectfully suggest to your Honor if I might take the stand for a very few moments to outline the more or less non-controversial situations which will lead up to the only issues which could be present here—

"The Court: I am not interested, unless you wish to offer evidence as to what services were performed or the reasonable value of them. I am satisfied with the Referee's findings as to those matters[5] but some serious charges were made here by Mr. Harris on the conflict of interest that I feel we should make some inquiry into.

"As far as what Mr. Harris did or the receiver I don't see how he could possibly be allowed any fee for what he did because he was never employed, as was pointed out in the memorandum, or never authorized to act for the receiver.

"Mr. Zimmerman: I think, your Honor, that a very brief statement on my part from the stand might address itself with help to your Honor on this question of conflict of interest on this.

"The Court: Very well. Is that satisfactory to you to proceed in that manner, Mr. Harris?

and accepted Mr. Harris' services, he did so without authority. In the one matter in which the estate recovered $15,-000.00 from the estate of Mrs. Barry, the receiver-trustee was represented by competent special counsel and whatever aid

Mr. Harris gave in connection with this matter was as a volunteer."

4. A similar claim that appellants represented adverse interests had been made by Harris before the referee and had been rejected.

5. See footnote 3, supra.

"Mr. Harris: That is satisfactory, yes."

Thereafter, Milford S. Zimmerman and Francis F. Quittner testified as witnesses before the court.

On March 31, 1959, almost one year later, the district judge filed a written order, 172 F.Supp. 375, reversing the referee's order and denying appellants any fees as special counsel. He reviewed the objections to appellants' fees that Harris had set forth in his petition for review of the referee's order and then stated:

"Also to be considered by the Court sua sponte, though not raised by the petitioner, are questions lurking throughout the record as to whether Messrs. Quittner and Zimmerman made full and accurate disclosure either (1), in the petition for their employment, of the facts as to the 'necessity for employing counsel at all', as contemplated by General Order 44 * * * or (2), in the petition for their fees, of the facts as to 'the value and the extent of the services rendered', as contemplated by § 62 sub. d of the Act [11 U.S.C.A. § 102d]."

\* \* \* \* \* \*

"Here Messrs. Quittner and Zimmerman failed fully and accurately to disclose the material facts as to the 'value and extent' of their services as special counsel for the receiver, not only seeking fees for services actually rendered prior to their appointment pursuant to General Order 44 * * * but also in seeking to obtain such fees on a claimed 'contingent' basis calling for substantially larger allowance from the bankrupt estate than would otherwise be appropriate * * *."

On the basis of this finding the district judge ruled that appellants were entitled to no compensation for their services.

On being informed of the order of the district judge, the appellants promptly filed a motion for a rehearing and reconsideration of the court's order of March 31, 1959, setting forth among other things the following:

"2. That this Court request that Honorable David D. Head, Referee in Bankruptcy, file a supplementary Certificate on Review setting forth the facts as known to said Referee on the issues considered and decided sua sponte by this Court in its said Decision and Order of March 31, 1959.

"3. That the Court permit these moving parties to introduce evidence in connection with the issues considered and decided sua sponte by this Court in said Decision and Order.

"4. That this Court reconsider the Findings of Fact and Conclusions of Law upon the said issues considered and decided sua sponte, and vacate such of the findings or conclusions which are to the effect that these moving parties made misrepresentations to the Referee in Bankruptcy concerning the value and extent of the services rendered after their employment as special counsel and concerning the contingent basis of the fee petitioned for by them.

"5. That after rehearing and reconsideration of the entire record * * * and such additional evidence as may be introduced upon such rehearing, that this Court (a) amend its findings of fact and conclusions of law so as to determine that these moving parties made no misrepresentations to the Referee in Bankruptcy * * * and (b) amend its Order so as to confirm in its entirety the Order of the Referee of November 21, 1957."

On June 8, 1959, at the hearing on the motion for a rehearing and reconsideration of the district court's order, this motion was supported by affidavits of Mr. Quittner, an affidavit of Mr. Zimmerman and an affidavit of Mr. Scheinman, the attorney for the special administrator of the estate of Lottie Barry. The motion was denied by the district court in a written order dated August

11, 1959, 175 F.Supp. 726. An appeal was taken by appellants to this court from the order of the court dated March 31, 1959, and from the order denying a rehearing dated August 11, 1959.

Appellants' main contention is that the district court based its decision upon a ground not raised in the petition for a review of the referee's order but rather upon a ground that was brought up upon the court's own motion. They complain that at no time during the hearing had any party claimed that they had misrepresented to the referee the value and extent of their services and that during the period of almost a year between that hearing and the order of the court they had no intimation of any kind that this issue was being considered by the court. When on March 31, 1959, the court filed its opinion basing the decision upon a finding that the appellants had falsely represented to the referee the value and extent of their services, they promptly filed a petition for rehearing asking for the right to have the referee file an affidavit setting forth exactly what information they had given to him at the time of their appointment as special counsel. They contended that they could show that in no way had they misrepresented to the referee or to anyone else the value and extent of their services.

We realize that the district judge has a large degree of discretion in determining what, if any, allowance for fees should be granted to attorneys and whether or not to grant a rehearing. However, appellants contend that in denying their applications for fees and a rehearing the court has made findings that they have been guilty of misrepresenting facts to the referee and to the court. They contend that these findings of misrepresentation were made by the court although no such contention was made in the petition for a review. Appellants' counsel point out that appellants are reputable members of the State Bar of California and that they have in effect been branded as dishonest without having had an opportunity to defend themselves.

"The purest treasure mortal times afford

Is spotless reputation; that away

Men are but gilded loam or painted clay." [6]

Under the circumstances of this case and for the purpose of giving appellants an opportunity to answer the charges made against them, we hold that the denial of appellants' petition for a rehearing was an abuse of discretion. The orders of the district court are reversed, and the case is remanded for action not inconsistent with this opinion.

---

6. Richard II, Act I, Scene 1.